```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION

GREAT AMERICAN INSURANCE        *
COMPANY,
                                *
     Plaintiff,
                                *
vs.                                      CASE NO. 4:12-CV-45 (CDL)
                                *
WAYNE EVANS AUCTION COMPANY
INC., et al.,                   *

     Defendants.                *
```

O R D E R

Before the Court is Plaintiff's Motion for Default Judgment (ECF No. 10) against Defendants. For the following reasons, Plaintiff's motion is granted.

DISCUSSION

Plaintiff Great American Insurance Company ("American") filed a complaint against Defendants Wayne Evans Auction Company, Inc. ("Wayne Evans"), the Estate of Wayne Evans ("the Estate"), and Anne Evans (collectively "Defendants"). *See generally* Compl., ECF No. 1. In the Complaint, American alleges that it provided a $100,000 performance bond on behalf of Wayne Evans, that the bond obligee made a claim against the bond, that American found it was obligated to pay the bond obligee $100,000, and that Defendants executed an indemnity agreement in favor of American. Compl. ¶¶ 8-14. On March 2, 2012, the

Complaint was served on Anne Evans as an individual, as a representative of Wayne Evans, and as a representative of the Estate.  Proof of Service, ECF No. 6; Proof of Service, ECF No. 7; Proof of Service, ECF No. 8.  Defendants did not answer or otherwise respond to the Complaint, and American filed a Motion for Entry of Default.  The Clerk properly entered default against Defendants on March 30, 2012 for failing to answer American's Complaint.  *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

American is likewise entitled to a default judgment against Defendants.  *See* Fed. R. Civ. P. 55(b)(2) (providing for entry of default judgment by the court).  No evidentiary hearing is necessary to determine what the judgment should provide because the amount sought is for a sum certain or an amount that can be easily computed, and the essential evidence regarding the damages is in the present record.  Upon review of a supporting affidavit filed by American, the Court hereby awards American liquidated damages in the amount of $107,000: $100,000 for the surety bond payment and $7,000 for lost interest, paid attorney's fees, and expenses.  Dudley Aff. ¶¶ 7-8, ECF No. 10 at 10-11.  Judgment shall be entered by the Clerk accordingly in

favor of Plaintiff and against Defendants individually and jointly.

IT IS SO ORDERED, this 13th day of June, 2012.

                                              S/Clay D. Land
                                                    CLAY D. LAND
                                        UNITED STATES DISTRICT JUDGE